Supreme Court
No. 2025-108-M.P.

In the Matter of Scott P. Clark.                    :

**O R D E R**

This matter is before the Court pursuant to an amended petition for reciprocal discipline filed by this Court's Disciplinary Counsel in accordance with Article III, Rule 14 of the Supreme Court Rules of Disciplinary Procedure for Attorneys. The respondent, Scott P. Clark, was admitted to the practice of law in this state on February 20, 2012, and was removed from the Master Roll for Mandatory Continuing Legal Education non-compliance on January 12, 2023. The respondent is also admitted to the practice of law in the Commonwealth of Massachusetts (hereinafter, Commonwealth).

On February 18, 2025, a single justice of the Supreme Judicial Court for the Commonwealth issued an Order of Administrative Suspension (hereinafter, Order), suspending respondent's license to practice effective on March 4, 2025. The respondent has not been readmitted to practice of law in the Commonwealth.

Article III, Rule 14(a), entitled "Reciprocal Discipline," provides, in pertinent part: "Upon notification from any source that a lawyer within the jurisdiction of the [Disciplinary] Board has been disciplined in another jurisdiction, [Disciplinary]

Counsel shall obtain a certified copy of the disciplinary order and file it with the [C]ourt." On May 1, 2025, Disciplinary Counsel filed a certified copy of the Order with this Court along with her request that we impose reciprocal discipline.

On May 1, 2025, we issued an Order to respondent providing him thirty days to assert any claim he may have that the reciprocal discipline should not be imposed. The respondent did not provide a response.

This matter was before this Court at our conference on June 11, 2025. After a review of the record, we determine that respondent has failed to show cause why identical reciprocal discipline should not be imposed.

The respondent, Scott P. Clark, is hereby suspended from the practice of law in this state for an indefinite period, effective immediately, and until further order of this Court. The respondent shall not petition for reinstatement in this state until he is reinstated to the bar in the Commonwealth.

The respondent is directed to comply with the mandates of Article III, Rule 15 of the Supreme Court Rules of Disciplinary Procedure for Attorneys, and within ***thirty (30) days*** after the effective date of this order, the respondent shall file with the Clerk of this Court an affidavit showing:

(1) That he has fully complied with the provision of this order and with the requirements of Article III, Rule 15;

(2) A list of other state, federal and administrative jurisdictions to which he is admitted to practice law; and,

- 2 -

(3) That he has served a copy of the affidavit upon Disciplinary Counsel. The affidavit shall also set forth the residence or other address where communications may thereafter be directed to the respondent.

Entered as an order of this Court this *17ᵗʰ* day of ***June 2025***.

By Order,

/s/ *Meredith A. Benoit*
Clerk



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | In the Matter of Scott P. Clark. | |
| **Case Number** | No. 2025-108-M.P. | |
| **Date Order Filed** | June 17, 2025 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | N/A | |
| **Judicial Officer from Lower Court** | N/A | |
| **Attorney(s) on Appeal** | For Petitioner:<br><br>Kerry Reilley Travers, Esq.<br>Chief Disciplinary Counsel | |
| | For Respondent:<br><br>Scott P. Clark, *pro se* | |